BRUNOT, Justice.
 

 This is an appeal from a judgment rejecting plaintiffs demands and taxing him with the costs of the suit.
 

 The plaintiff purchased a Chevrolet truck from Johnson Bros. Chevrolet Company, of Marshall, Tex. The purchase price of the truck, including the' license and financial charge, was $852.04. As part payment of the price of the truck the vendor accepted the purchaser’s old truck at a trade-in value of $370, and for the credit portion of the purchase price, amounting to $481.96, the plaintiff executed twelve promissory notes,' payable in twelve consecutive monthly installments, eleven of said notes being for $41 each, and the last of said installments being for $30.96; the payment of the said twelve notes being secured by a chattel mortgage resting on the truck. The defendant became the holder and owner of the said notes. Thereafter the plaintiff paid four of the ' notes at their maturity, but defaulted in the payment of several of the notes which subsequently matured. The plaintiff became involved in difficulties with the government, and he was incarcerated in jail. The defendant’s agent secured from him the following document:
 

 “General Motors Acceptance Corporation New Orleans, Louisiana.
 

 “Gentlemen: In consideration of ■ your agreeing to release me from payment to become due 10-1-31, 11-1-31, 12-1-31, 1-1-32 on a (Conditional Sales Contract) (Chattel Mortgage) Covering a machine Chev. Model Trk Dual Serial No. 3LT3599 Motor No. .T2444241 I hereby release all rights, title and interest (including equity of redemption) which I may have in or to the above machine.
 

 “I further release any rights I may have to any payments heretofore made in respect thereof, and any rights I may have under the above (Conditional Sales Contract) (Chattel Mortgage) or by virtue of any state statutes
 
 *688
 
 or laws covering the sale of said machine within any specified time or upon any specified condition.
 

 “It is understood that
 
 l'
 
 have not previously transferred or encumbered any rights, title or interest (including equity of redemption) that I have had under the above (Conditional Sales Contract) (Chattel Mortgage) or in the property covered thereby.
 

 “Very truly yours
 

 “Witness1 J. T. Murphy.
 

 "“J. L. Wall.”
 

 Under this release the defendant canceled the notes, due and to become due, by the plaintiff, took possession of the truck, and sold it to a.third party for approximately $160 less than the sum of the plaintiff’s canceled notes.
 

 Thereafter the plaintiff filed this suit, in which he prays to be permitted to file and prosecute the suit in forma pauperis, and in which he prays for’a’ judgment against the defendant for $534.04, the said sum consisting of $370, the trade-in value of the plaintiff’s old truck, and the payment by him of the first four of the twelve notes secured by chattel mortgage on the new truck, amounting to $164, and for $15 per day from the' 28th day of December, 1931, until final judg-. ment is rendered herein; this latter sum being the alleged damages and loss of profits the plaintiff suffered for the breach of his hauling contract with J. E. Buckley.
 

 The petition alleges that the release, quoted supra,' was signed by him with the understanding that it was to be the authority of the agent of the defendant company to secure- possession1 of the truck and trailer, which were then in the possession of one Salley, for the purpose of returning the truck to plaintiff, and that through fraud and misrepresentation the defendant acquired possession of the truck and thereafter sold it. The burden was upon plaintiff to prove these allegations. The trial judge found that he had failed to do so, and he rendered judgment accordingly.
 

 We have read the record and we see no error in the judgment. Defendant, in its brief, suggests that the plaintiff’s demand is inflated for the purpose of giving this court jurisdiction. If the contention of the plaintiff was well founded, we think his claim for a restitution of the purchase price of the truck paid by him and the per diem loss suffered by him for the breach of his contract with J. E. Buckley totals a sum sufficient to give this court jurisdiction of the appeal.
 

 Eor the reasons assigned, the judgment ap pealed from is affirmed, at appellant’s cost.